2020 IL App (1st) 191679-U

FIFTH DIVISION
August 14, 2020

No. 1-19-1679

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PACIFIC SALES KITCHEN & BATH CENTERS, LLC, | ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2017 L 50590 |
| | ) | |
| | ) | |
| THE DEPARTMENT OF REVENUE; DAVID HARRIS, as Director of Revenue; and MICHAEL FRERICHS, as the Treasurer of the State of Illinois, | ) ) ) | |
| | ) | Honorable James M. McGing, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court did not err in finding that plaintiff's sales of certain appliances are subject to the retail occupancy tax, despite plaintiff's subsequent installation of those appliances. The Department of Revenue's imposition of the retail occupancy tax on these sales does not violate the uniformity clause of the state constitution. Affirmed.

¶ 2    Plaintiff Pacific Sales Kitchen & Bath Centers, LLC (Pacific Sales), appeals from an order

of the circuit court of Cook County denying the relief it sought in its complaint filed pursuant to

the State Officers and Employees Money Disposition Act (commonly known as the Protest Monies Act) (30 ILCS 230/1 *et seq.* (West 2016)) against defendants, the Illinois Department of Revenue (the Department); Constance Beard,[1] Director of the Department (Director); and Michael Frerichs, the Treasurer of the State of Illinois. Pacific Sales's parent company, Best Buy Stores, L.P. (Best Buy), had alleged the same claims against the same defendants in a separate complaint filed under the Act: *Best Buy Stores, L.P. v. Illinois Department of Revenue*, No. 2017 L 50591 (Cook Co. Cir. Ct.) (the Best Buy case). The parties agreed to be bound by the disposition in the Best Buy case. In the related case, the circuit court ruled against Best Buy, so the court in this case entered an order of similar effect. Pacific Sales now appeals, raising precisely the same claims (and alleging the same facts) that Best Buy raised in its appeal before this court in *Best Buy Stores, L.P. v. Illinois Department of Revenue*, 2020 IL App (1st) 191680 (*Best Buy*). We affirmed in *Best Buy*, and we again affirm in this case.[2]

¶ 3                                            BACKGROUND

¶ 4      Pacific Sales is a wholly owned subsidiary of Best Buy. Like its parent company, Best Buy, Pacific Sales is a retailer of kitchen and home appliances. Although Pacific Sales operates stand-alone stores in some states, its operations in Illinois are all located within Best Buy stores.

¶ 5      In May 2017, the Department sent a notice of tax liability to Pacific Sales asserting that Pacific Sales had additional tax liability of $160,803.53. Pacific Sales paid the tax and filed its complaint pursuant to the Act. The substantive allegations in Pacific Sales's complaint are

---

[1] David Harris replaced Beard and became Director of the Department during the pendency of this case. By operation of law, Harris is substituted as a defendant. See 735 ILCS 5/2-1008(d) (West 2018).

[2] The Department has filed with this court a motion "to apprise the court of docket development," which seeks to inform this court of the *Best Buy* appeal. We deny the motion as moot.

virtually identical to those in the complaint in the Best Buy case. Briefly stated, Pacific Sales alleged that, for certain built-in appliances that it installs, it operates as a construction contractor and not a retailer, and is thus exempt from collecting and remitting sales tax on those transactions.

¶ 6    In January 2019, the circuit court entered an agreed order holding Pacific Sales's circuit court action in abeyance pending a final ruling in the Best Buy case. The order further provided that the circuit court's ruling in the Best Buy case would "control and determine the final outcome" of Pacific Sales's action, provided that the court resolved the Best Buy case on the merits. In July 2019, the circuit court entered an order noting that the Best Buy case had been resolved and that the court had rejected Best Buy's substantive claims. On that basis, the court denied the relief that Pacific Sales sought in its complaint. This appeal follows.

¶ 7                                ANALYSIS

¶ 8    At the outset, we note that this case comes before us on a somewhat unusual procedural posture: there were no dispositive motions filed, nor was there a trial. The parties below stipulated that the circuit court's holding in the Best Buy case would control, and the circuit court in this case accepted the stipulation. Since there was no procedural objection from the parties (either here or in the court below), we will review the judgments below as if the court had entered them on a motion for judgment on the pleadings. *In re Marriage of Shulga*, 2019 IL App (1st) 182028, ¶ 21, *appeal denied*, No. 125452 (Jan. 29, 2020) (Table). "Judgment on the pleadings is properly granted if the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010). Our review is *de novo*. *Id.*

¶ 9    On appeal, Pacific Sales contends that it is appealing the circuit court's order "for the same reasons Best buy appealed" the court's order in the Best Buy case. Pacific Sales further asks that

this court resolve this appeal in a manner that is "consistent with" our substantive resolution of the issues in *Best Buy*.

¶ 10    The parties stipulated below that the decision in the Best Buy case would determine the outcome in this case.  In addition, Pacific Sales concedes that the record in this case is "undeveloped" (other than the initial pleadings, stipulations, and the circuit court's order), and there is no transcript from a hearing or other dispositive motion in this case.  The parties' briefs adopt the arguments set forth in their respective briefs in *Best Buy*, and they offer no new arguments in favor of their respective positions.  Consequently, we have no reason to depart from our substantive holding in *Best Buy*.  We therefore affirm the judgment of the circuit court.

¶ 11                                      CONCLUSION

¶ 12    The circuit court did not err in denying Pacific Sales's relief sought in its complaint.  Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 13    Affirmed.